iSimon J. Liebowitz, J.
In this article 78 proceeding petitioner asks that the commission be directed to grant him leave to apply for restoration of his longshoreman’s registration.
On February 13, 1969, petitioner’s registration was temporarily suspended .and on June 30, 1971, it was revoked on the ground that he had been convicted in the Supreme Court, New York County (Sept. 15, 1970) of criminal possession of stolen property, a second degree felony, conspiracy, a third degree misdemeanor, and possession of weapons, a misdemeanor. Convictions were based on his involvement in transporting some 100 pistols, hijacked in New Jersey, to Manhattan’s west side for ultimate delivery to Birmingham, Alabama.
Petitioner brought no article 78 proceeding to review the commission’s revocation order. Instead, he petitioned the commission for reconsideration of the revocation order, and on two occasions for leave to apply for restoration of his registration, all of which were denied. His most recent application having been denied on October 18, 1973, petitioner brings this proceeding to review that ruling, urging that as of now he has been denied employment on the waterfront for five years — an excessive and arbitrary penalty — despite the certificate of relief from disabilities as to his convictions issued to him on March 19,1971 and his rehabilitation.
The commission may revoke a longshoreman’s registration if it determines he is a danger to public peace and safety or for any cause that disqualifies him from inclusion in the longshoremen’s register on original application (L. 1953, ch. 882, *905 § 1, art. VIII, par. 5). A person whose permanent registration has been revoked after a hearing may petition the commission for its restoration (Commission Regulation 6.19). After revocation with prejudice, no further application for registration , may be made, except on leave by the commission for good reason shown (Commission Regulation 1.10). 'Courts may review actions of a body or officer to determine whether a determination is arbitrary, capricious or an abuse of discretion (CPLR 7803).
Having concluded that the commission’s denial is subject to review, the court next considers the question whether there is a reasonable basis for the denial. If a rational basis for the commission’s determination is found, that ends the court’s review. The judicial function is exhausted when the determination rests on a rational basis (Rochester v. United States, 307 U. S. 125, 146; Matter of Howard v. Wyman, 28 N Y 2d 434, 438). If the record supports the commission’s determination, it is conclusive (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 526). The test of judicial review is to determine whether the commission acted arbitrarily or capriciously (Matter of Sullivan County Harness Racing Assn. v. Glasser, 30 N Y 2d 269, 278; Matter of Fink v. Cole, 1 N Y 2d 48, 53).
However, absent a showing in the record why leave to apply was denied, there is no adequate basis in the record on which the court may review the denial to determine whether it is arbitrary, capricious or an abuse of discretion.
The matter is therefore remanded to the commission for the purpose of completing the record by showing the basis for denial of petitioner’s application for leave to apply for registration.